IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIMEON WASHA AMEN RA ex rel. SIMEON LEWIS, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:14-cv-08295 |
| v. | ) ) ) | Judge John Z. Lee |
| INTERNAL REVENUE SERVICE, UNITED STATES, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Simeon Washa Amen Ra, ex rel. Simeon Lewis ("Amen Ra") filed this suit pro se against Defendant United States of America, alleging that the Internal Revenue Service ("IRS") garnished his wages and withheld income tax in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*; the Fourth and Fifth Amendments to the U.S. Constitution; the Uniform Lien Registration Act, 770 Ill. Comp. Stat. § 110; the Internal Revenue Code ("Code"), 26 U.S.C. § 7422; and three federal criminal statutes, 18 U.S.C. §§ 241, 242, and 1346. Amen Ra seeks damages in the amount of $156,642.99, and the IRS now moves to dismiss his Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the Court grants in part and denies in part the IRS's motion to dismiss.

### Factual Background

Amen Ra's claims arise from the IRS's withholding of income tax and garnishment of wages through Amen Ra's employer, BNSF Railway Company, for unpaid income tax assessments for the years 2007, 2008, and 2009. Compl. ¶¶ 11, 18, 29. The IRS began

1

garnishing Amen Ra's wages in October 2012, and Amen Ra claims to have received no Notice of Deficiency for the unpaid tax assessments prior to this time. From March 2010 to March 2014, Amen Ra submitted letters to the IRS to contest his income tax withholdings and garnishment of wages. Pl.'s Mem. Opp'n ¶ 7; Compl. ¶¶ 10, 14, 15, 28. Ultimately, Amen Ra filed this lawsuit on October 22, 2014, alleging that the IRS's actions violated his constitutional rights as well as various civil and criminal statutes. *Id.* ¶ 89.

## **Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. "When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). But "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (quoting *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir. 1979)). "[I]f the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 848 (7th Cir. 2012). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *Id.*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

2

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Additionally, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal–Mart Stores, Inc.,* 722 F.3d 1014, 1027 (7th Cir. 2013)). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.,* 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal,* 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

## Analysis

The IRS argues that Amen Ra's complaint should be dismissed for lack of jurisdiction and failure to state a claim upon which relief can be granted. Specifically, the IRS contends that (1) Amen Ra has failed to exhaust administrative remedies; (2) the United States has not waived its sovereign immunity; and (3) the FDCPA, Federal Debt Collection Procedures Act, the Uniform Lien Registration Act, and federal criminal statutes do not provide a private cause of action against the United States.

**I. Counts I through V**

In Counts I through V, Amen Ra alleges that the IRS violated five provisions of the FDCPA. 15 U.S.C. §§ 1692(a), e-g, i. But the FDCPA governs "the abusive debt collection practices by *debt collectors*," and the IRS is not a "debt collector" under the definition provided in the statute. *See id.* § 1692a. In fact, the FDCPA specifically excludes from that definition "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in performance of his official duties." 15 U.S.C. §

3

1692(a)(6)(C). As such, the FDCPA does not provide a private cause of action against the IRS or an employee of the IRS in performance of official duties. *See Al-Sharif v. United States*, 296 F. App'x 740, 742 (11th Cir. 2008) (concluding that IRS agents did not qualify as "debt collectors" under FDCPA and plaintiff had no cause of action under the statute)*; Albritton v. Premier Title*, 70 F. App'x 180, 181 (5th Cir. 2003) (concluding that while federal law provides a taxpayer with remedies to challenge an alleged improper assessment and collection of federal taxes, such remedies do not include an after-the-fact lawsuit against the IRS and its employees based on the Fair Debt Collection Practices Act."). Counts I through V are dismissed with prejudice.

## II. Counts VI and VII

In Counts VI and VII, Amen Ra alleges that the IRS violated two provisions of the Federal Debt Collection Procedures Act, regarding pre- and post-judgment remedies. 28 U.S.C. § 3101, 3201. The Federal Debt Collection Procedures Act establishes the "exclusive civil procedures for the United States . . . to recover a judgment on a debt, or . . . to obtain, before judgment on a claim for a debt, a remedy in connection with such a claim." 28 U.S.C. § 3001(a). Thus, while the Act provides procedures by which the United States may recover a judgment on a debt, it does not in turn create a private cause of action against the United States, nor can the Court reasonably infer one.[1] To the contrary, the Act explicitly states that it "shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law . . . to collect taxes or to collect any other amount collectible in the same manner as a

---

[1] District courts in other jurisdictions are in accord. *See*, *e.g.*, *Dodenhoff v. Cache Creek Foods, LLC*, No. 15 C 107, 2015 WL 1638002, at *1, *3 (E.D. Cal. April 13, 2015) (The Act "does not create a private cause of action under which the United States can be sued."); *Kelley v. College of St. Benedict*, 901 F. Supp. 2d 1123, 1130 (D. Minn. 2012) ("[T]he provisions of the [Act] are available only to the United States" and "[n]on-government plaintiffs cannot invoke the statute."); *MC Asset Recovery, LCC v. Commerzbank AG*, 441 B.R. 791, 804 (N.D. Tex. 2010) ("[T]he [Act] is a remedy for the exclusive use of the United States.").

4

tax." 28 U.S.C. § 3003(b). Counts VI and VII are therefore dismissed with prejudice under Rule 12(b)(6).

### III. Counts VIII, IX, and XI

In Counts VIII through IX, Amen Ra alleges that the IRS violated his rights under the United States Constitution for garnishing his wages without providing an administrative hearing or sufficient documentation of unpaid income tax assessments. In Count XI, Amen Ra alleges that he is entitled to a refund of taxes paid. The IRS contends that Amen Ra has failed to exhaust his administrative remedies as to these counts and they should therefore be dismissed for lack of jurisdiction.

As the IRS identifies in its motion, the United States may be sued only with its explicit consent, and to proceed with a claim against the United States, the plaintiff must demonstrate that Congress has unequivocally waived sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). As a condition of waiving sovereign immunity, the United States is entitled to require the taxpayer to exhaust administrative remedies as specified in its regulations, "using all steps that the agency holds out, and doing so *properly*." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original). This is also true for claims brought under the Constitution. *United States v. Clintwood Elkhorn Min. Co.,* 553 U.S. 1, 9 (2008).

Congress has established notice requirements and made available statutory remedies for taxpayers to challenge the IRS's tax assessments and collection of tax liabilities. Relevant here, the Code authorizes the IRS to make a deficiency assessment, a finding that a tax return understates the taxpayer's liability or that the taxpayer failed to file a return. 26 U.S.C. §§ 6201, 6212. For such assessments, the IRS must send the taxpayer a notice of deficiency and then refrain from further action for ninety days, during which time the taxpayer is authorized to file a

petition for a redetermination in the Tax Court. *Id.* § 6213(a). The IRS need only mail the notice to the plaintiff's last known address for such notice to be effective; the Code does not require that the taxpayer receive or accept the notifications. *See id.* § 6212(a); *Gyorgy v. C.I.R.*, 779 F.3d 466, 477 (7th Cir. 2015) ("Once the IRS sends notice to what is at that time the last known address, . . . nothing in [section 6212] suggests that the IRS is obligated to take additional steps to effectuate delivery if the notice is returned.") (internal quotations omitted). If the taxpayer neglects or refuses to pay those taxes owed, the Code authorizes the IRS to collect the taxes by a levy so long as "the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made." *See* 26 U.S.C. §§ 6330–31. Should such a taxpayer believe these taxes were collected in error, the Code then requires the taxpayer to formally request a refund from the Secretary of the Treasury before seeking relief in the federal district courts. *Id.* § 7422; *Bartley v. United States*, 123 F.3d 466, 468 (7th Cir. 1997) ("[T]he Internal Revenue Code authorizes suits for refund of taxes paid to the federal government, but expressly and without exception conditions the right to sue on the taxpayer having first requested a refund from the Secretary of the Treasury.").

The IRS contends that it notified Amen Ra of his tax deficiency assessments and provided him a Notice of Intent to Levy as well as a notice of his right to request a Collection Due Process hearing. The IRS also claims that Amen Ra never formally requested a Collection Due Process Hearing or filed a refund claim in compliance with the statutory refund scheme. The IRS characterizes this alleged failure to exhaust as a jurisdictional matter, but the Seventh Circuit has adopted a different view: "exhaustion [of administrative remedies] is a (non-jurisdictional) affirmative defense." *Gray v. United States*, 723 F.3d 795, 798 n.1 (7th Cir. 2013). And thus, it would typically be inappropriate to consider such a defense on a motion to

dismiss. *See Edgenet, Inc. v. Home Depot U.S.A. Inc.*, 658 F.3d 662, 664–65 (7th Cir. 2011) ("[T]he time to deal with an affirmative defense is after it has been raised.").

Indeed, while the IRS may well be correct that Amen Ra has failed to exhaust his administrative remedies, factual disputes remain on the issue. Amen Ra claims that he received no notices of deficiency and that on multiple occasions he sent letters to the IRS to contest the collection of his tax liabilities and to request additional information on owed taxes. And although Amen Ra does not allege to have filed any formal requests for a due process hearing or refund, he also does not concede to having failed to do so. Consequently, the Court finds it inappropriate to decide these issues at this stage of the proceedings and denies the motion to dismiss as to Counts VIII, IX, and XI.

### IV. Count X

In Count X, Amen Ra alleges that the IRS violated the Uniform Lien Registration Act, 770 Ill. Comp. Stat. 110/1, *et seq*, by failing to file a certified lien for federal tax debts in compliance with the Act's requirements. The Uniform Lien Registration Act, however, has no application here. Amen Ra complains of the garnishment of his wages and withholding of taxes. These actions amount to a levy, not a lien. *See United States v. Barbier*, 896 F.2d 377, 379 (9th Cir. 1990) ("A levy . . . operates as a seizure by the IRS to collect delinquent income taxes," whereas "[a] lien . . . is merely a security interest and does not involve the immediate seizure of property."). In other words, the IRS did not record a lien on Amen Ra's property to secure repayment of any tax debt because the IRS was already directly garnishing his wages to accomplish the same. With no lien at issue, the Uniform Lien Act bears no relevance to the proceedings, and Count X is dismissed with prejudice under Rule 12(b)(6).

### VI. Counts XII, XIII, and XIV

In Counts XII through XIV, Amen Ra alleges that the IRS has violated three federal criminal statutes for conspiracy against rights, deprivation of rights under color of law, and fraud and conspiracy. 18 U.S.C. §§ 241, 242, and 1346. Federal criminal statutes do not provide a private cause of action against the United States. *See Smith v. United States*, 293 F.3d 984, 988 (7th Cir. 2002). Counts XII through XIV are dismissed with prejudice under 12(b)(6).

### Conclusion

For these reasons, the Court grants Defendant's motion to dismiss [9] as to Counts I through VII, X, and XII through XIV, but denies its motion to dismiss as to Counts VIII, IX, and XI.

**SO ORDERED**　　　　　　　　　　　　ENTER: 7/27/15

　　　　　　　　　　　　　　　　　　　*/s/ John Z. Lee*　　　　　

　　　　　　　　　　　　　　　　　　**JOHN Z. LEE**
　　　　　　　　　　　　　　　　　　**United States District Judge**