IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIMEON WASHA AMEN RA, ex rel also known as Simeon Lewis,
Plaintiff,
v.
INTERNAL REVENUE SERVICE,
Defendant.

Docket No. 14 C 8295

Chicago, Illinois
November 10, 2016
9:00 o'clock a.m.

TRANSCRIPT OF PROCEEDINGS - MOTION
BEFORE THE HONORABLE JOHN Z. LEE

APPEARANCES:

For the Plaintiff: MR. SIMEON WASHA AMEN RA, pro se
P. O. Box 199273
Chicago, Illinois 60619

For the Defendant: UNITED STATES DEPARTMENT OF JUSTICE, by
MR. BRADLEY ALEXANDER SARNELL
555 4th Street
Suite 7325
Washington, DC 20001

ALEXANDRA ROTH, CSR, RPR
Official Court Reporter
219 South Dearborn Street
Room 1224
Chicago, Illinois 60604
(312) 408-5038

(Proceedings had in open court:)

THE CLERK: Case 14 C 8295, Amen Ra versus Internal Revenue Service.

MR. AMEN RA: Good morning, Judge.

THE COURT: Good morning. Can you please state your name for the record?

MR. AMEN RA: Simeon Amen Ra, plaintiff.

THE COURT: Good morning. And who do we have on the phone?

MR. SARNELL: Bradley Sarnell for the United States.

THE COURT: All right. Good morning.

This is a motion by the plaintiff, Mr. Amen Ra, regarding the case, the status of the case, and requesting for -- requesting emergency relief. Pending before the Court is a motion to dismiss that's been fully briefed earlier this year.

I think the -- well, Mr. Amen Ra, let me hear from you on the basis for the motion, please.

MR. AMEN RA: Well, basically they are taking 85 percent of my pay. They have done so since April of 2015. I requested a collection process hearing. They granted it. And a hundred days later they told me they weren't going to show up at the hearing.

So from April 2015 to present day they are taking 85 percent of my pay, which is excessive. I've done everything I

could possibly do to ask them to verify or justify what they are doing. They have not done so. And that's excessive by any standard.

THE COURT: Mr. Sarnell, do you have a sense of what Mr. Amen Ra is speaking about?

MR. SARNELL: Yes. I know -- I do know what he's speaking about. Mr. Amen Ra's request for leave is explicitly barred by statute. 26 U.S.C. 7421 says, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person.

The Court lacks the authority to grant the relief he is requesting. And on top of it, there is no -- even the things he's saying today have no basis. He said that he tried to do a collection due process hearing, which his request was initially granted. And then this is Exhibit K to his most recent complaint.

The collection due process hearing was canceled because he said -- because -- I'm sorry, I'm quoting here. Asked, quote, that you either amend your hearing request to provide a legitimate reason and withdraw the frivolous reason or reason requesting a desire to delay or to withdraw your entire request.

He made a frivolous request to the IRS to stop collection of the -- the collection of taxes he owes. There is no basis for the Court, even on the face of this motion. He

hasn't proven the Court has jurisdiction to grant his relief.

THE COURT: Okay.

MR. AMEN RA: I have to object to that, your Honor. I have several Freedom of Information requests that clearly state that there is no liens and levies for me for the years in question. So whatever Mr. Sarnell is speaking of is completely incorrect. And I have contradictory information. And it's filed on the record.

THE COURT: All right. Very good.

Mr. Amen Ra, I know that the motion to dismiss that's pending deals with the jurisdictional issues that counsel is speaking of. It's been pending for some time. And I will tell you that I will be issuing a ruling on that motion shortly, probably in the next couple of weeks. Okay? And then we will see where we are at the end of that motion.

At this point in time, I am going to deny the motion for emergency relief because I do agree with the government that there is insufficient factual basis for the motion. But after the motion to dismiss is ruled on, I will give you leave to renew the motion at that time if you think it's necessary.

MR. AMEN RA: Okay. So, Judge, what you're telling me, the Court doesn't see that 85 percent of my pay being taken is excessive?

THE COURT: No, I am saying that I don't believe that you satisfied the likelihood of success on the merits with

regard to the underlying claim.

MR. AMEN RA: So that's irregardless to the Freedom of Information request that I sent -- given to the Court?

THE COURT: That's correct.

MR. AMEN RA: Okay. So the Freedom of Information requests are just basically being ignored.

THE COURT: Well, what I am saying is that your motion for emergency injunctive relief that you have requested is denied for the basis that I have outlined, which is it does not meet the requirements for preliminary injunction under the Federal Rules of Civil Procedure.

MR. AMEN RA: Okay. And I am very unclear as to what criteria I didn't meet. Can you just give me an understanding of what criteria I didn't meet?

THE COURT: As I said, based upon the arguments set forth today as well as the arguments in the pending motion to dismiss, I don't believe that you have satisfied likelihood of success on the merits. And on balance, I don't think that it warrants a motion for preliminary injunction at this time.

MR. AMEN RA: Okay. In your order, can you explain to me what the criteria --

THE COURT: My order is going to say exactly what I just told you.

MR. AMEN RA: Okay. So there will be no explanation as to what the criteria was?

THE COURT: I believe my explanation is sufficient.

MR. AMEN RA: Okay.

THE COURT: Okay. Thank you.

MR. AMEN RA: All right.

(Which were all the proceedings heard in this case.)

CERTIFICATE

I HEREBY CERTIFY that the foregoing is a true, correct and complete transcript of the proceedings had at the hearing of the aforementioned cause on the day and date hereof.

/s/Alexandra Roth 11-22-2016

Official Court Reporter
U.S. District Court
Northern District of Illinois
Eastern Division

Date