IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIMEON WASHA AMEN RA ex rel. SIMEON LEWIS, | ) ) ) |
| Plaintiff, | ) ) 14-cv-8295 |
| v. | ) ) Judge John Z. Lee ) |
| INTERNAL REVENUE SERVICE, UNITED STATES, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Simeon Washa Amen Ra, ex rel. Simeon Lewis (Amen Ra), filed this suit pro se against the "Internal Revenue Service, United States"[1] (IRS), alleging that the IRS has unlawfully garnished his wages and wrongfully imposed liens on his property to collect federal income tax. In his amended complaint [35], Amen Ra claims that the IRS has deprived him of property without due process of law in violation of the Fifth Amendment to the U.S. Constitution (Count I); seized his property in violation of the Fourth Amendment to the U.S. Constitution (Count II); unlawfully collected income tax (Count III); and committed four counts of "constructive fraud," two related to notices of tax levy sent to his employer (Counts IV and VII), and two related to notices of lien sent to the Recorder of Deeds in

---

[1] The IRS is not properly named as a defendant. Congress has not designated the IRS as a separate body authorized to be sued as such. *See Castleberry v. Alcohol, Tobacco & Firearms Div. of Treasury Dep't of U.S.*, 530 F.2d 672, 674 (5th Cir. 1976). The United States is the proper defendant. *Gengler v. I.R.S.*, No. 10-CV-689, 2010 WL 5463314, at *1 (E.D. Wis. Dec. 29, 2010). The Court will therefore treat the United States as the named defendant for the purposes of this Order.

Washington, D.C. (Count VI) and the Cook County Recorder of Deeds in Chicago, IL (Count VIII).[2] The United States has moved to dismiss the amended complaint in its entirety [36]. For the reasons that follow, the motion is granted.

## Background

Amen Ra brought this suit in response to a series of allegedly unlawful actions taken by the IRS to collect income tax from him. The challenged actions are as follows. First, beginning in 2010, the IRS instructed Amen Ra's employer, BNSF Railroad Company (BNSF), to increase the tax withholding on his paychecks. Am. Compl. ¶¶ 8, 11, ECF No. 35. Second, in September 2012, the IRS issued BNSF a notice of levy under which it sought to garnish Amen Ra's wages in order to collect unpaid back taxes. *Id.* ¶ 16. BNSF complied with this levy through June 2014, at which point Amen Ra acknowledges that the levy ended. *Id.* ¶ 29. Amen Ra alleges, however, that a new notice of levy was sent to BNSF in April 2015, pursuant to which the IRS has resumed garnishing his wages. *Id.* ¶ 31. Third, in October 2012, the IRS sent a notice of federal tax lien form identifying Amen Ra to the Recorder of Deeds in Washington, D.C. *Id.* ¶ 20. Finally, in March 2015, the IRS sent notice of federal tax lien forms to the Cook County Recorder of Deeds in Chicago, Illinois. *Id.* ¶ 30.

Amen Ra filed his initial complaint on October 22, 2014.[3] The complaint raised various counts, including violations of the Fair Debt Collection Practices Act,

---

[2] Plaintiff's amended complaint does not include a "Count V." Thus, there are seven total counts, numbered I through VIII, but excluding V.

15 U.S.C. § 1692 *et seq.*; the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*; the Fourth and Fifth Amendments to the U.S. Constitution; the Uniform Lien Registration Act, 770 Ill. Comp. Stat. § 110; the Internal Revenue Code, 26 U.S.C. § 7422; and three federal criminal statutes, 18 U.S.C. §§ 241, 242, and 1346. Compl. 9–20, ECF No. 1. On July 27, 2015, this Court granted the United States's motion to dismiss all counts except those based on the Fourth and Fifth Amendments and 26 U.S.C. § 7422, under which Amen Ra seeks a tax refund. *See generally Amen Ra ex rel. Lewis v. I.R.S.*, No. 1:14-cv-08295, 2015 WL 5011454 (N.D. Ill. July 27, 2015).

Following the Court's order, Amen Ra filed an amended complaint on April 22, 2016. Amen Ra's amended complaint reincorporates his claims under the Fourth and Fifth Amendments and 26 U.S.C. § 7422. Am. Compl. ¶¶ 36–46, ECF No. 35. It also adds four new allegations of "constructive fraud," two of which pertain to the notices of levy sent to BNSF, and two that relate to the notices of lien forms sent to the recorders of deeds in Washington, D.C., and Chicago, Illinois. *Id.* ¶¶ 59–79. The complaint seeks $621,675.99 in damages and "all other relief deemed proper by the court." *Id.* at 18. On May 19, 2016, the United States moved

---

[3] Amen Ra also filed suit against his employer, BNSF. This Court adopted the report and recommendation of Magistrate Judge Finnegan and dismissed the suit. *See generally Lewis v. BNSF Ry. Co.*, No. 14-CV-7173, 2015 WL 4910794 (N.D. Ill. Aug. 17, 2015). Amen Ra's appeal of this decision is pending.

to dismiss Amen Ra's amended complaint under Federal Rules of Procedure 12(b)(1) and 12(b)(6).[4]

## **Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. "When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). But "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (quoting *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir. 1979)). "[I]f the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 848 (7th Cir. 2012). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *Id.*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

---

[4] The United States also lists Rule 12(b)(2) as a basis for its motion but does not appear to assert that the Court lacks personal jurisdiction over it.

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, while the Court gives liberal construction to a pro se plaintiff's complaint, "it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008)

With these standards in mind, the Court turns to the allegations in Amen Ra's amended complaint.

## Analysis

### I. Counts I and II: Fourth and Fifth Amendment Claims

Counts I and II of Amen Ra's amended complaint allege that the IRS's actions deprived him of property without due process of law in violation of the Fifth Amendment (Count I) and constituted an unreasonable seizure in violation of the Fourth Amendment (Count II). The United States moves to dismiss these claims under Rule 12(b)(1), arguing that the Court lacks subject matter jurisdiction. In support of its jurisdictional motion, the United States argues primarily that Amen Ra's constitutional claims are barred by the doctrine of sovereign immunity.

As an initial matter, the Court recognizes that it previously denied the United States's motion to dismiss these claims. *Amen Ra ex rel. Lewis v. I.R.S.*, 2015 WL 5011454, at *3–4. At that time, however, the Court rejected the United States's argument that Amen Ra had not exhausted his administrative remedies. *Id.* The Court did not address the issue of whether sovereign immunity bars the claims outright.

Sovereign immunity is a jurisdictional bar that shields the United States government and its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Unless the United States consents to suit by waiving immunity, a court does not have jurisdiction to hear a suit against it. *Id.* To that end, while an implied waiver permits individual federal officers to be sued for damages in their individual capacities for violations of the Fourth and Fifth Amendments, *Bush v. Lucas*, 462 U.S. 367, 374–78 (1983) (citing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 395–96 (1971)), the United States has not waived its immunity as to so-

called "constitutional torts." *Meyer*, 510 U.S. at 486. Indeed, the Supreme Court has expressly declined to imply a cause of action under the Constitution for damages against federal agencies. *Id.* Rather, the exclusive remedy for taxpayers in Amen Ra's position is a suit against the United States under 26 U.S.C. § 7433. *See Cameron v. I.R.S.*, 773 F.2d 126, 129 (7th Cir. 1985); *Godbout v. Parizek*, No. 03 C 2879, 2004 WL 3021393, at *4 (N.D. Ill. Dec. 29, 2004).

Pursuant to § 7433, the United States has waived its sovereign immunity where, "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433(a). A suit brought pursuant to the waiver in § 7433 is the "exclusive remedy for recovering damages resulting from such actions." *Id.* This waiver, however, has been construed narrowly, and it does not waive immunity for the constitutional claims Amen Ra brings in this case. *Hudson Valley Black Press v. I.R.S.*, 409 F.3d 106, 111–114 (2d Cir. 2005) (citing *Cameron*, 773 F.2d at 129). In sum, there is no waiver of sovereign immunity for claims against federal agencies arising directly under the Constitution, and therefore the Court lacks subject matter jurisdiction over Counts I and II.

## II.   Count III: Refund Claim

In Count III, Amen Ra seeks "Recovery of IRS Tax," citing 28 U.S.C. § 1346. The United States has construed this count as a suit for a tax refund arising under 28 U.S.C § 7422. For his part, Amen Ra at one juncture asserts that he "has

repeatedly requested a refund of all property," Pl.'s Resp. Def.'s Mot. Dismiss 8, but at another claims that he "has made no such refund claim under 26 U.S.C. § 7422." *Id.* at 9. In the latter instance, Amen Ra asserts that § 7422 is inapplicable. *Id.* The Court will first address the nature of Amen Ra's claim in Count III and then address the United States's request to dismiss it.

Section 1346 waives the United States's sovereign immunity for suits to "recover[] any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1); *Schon v. United States*, 759 F.2d 614, 617 (7th Cir. 1985) ("We think Congress intended section 1346(a)(1) as a means for taxpayers who had payed [sic] too much to recoup the erroneously or illegally assessed or collected amount. But this is a narrow waiver of sovereign immunity, and accordingly we construe it strictly."). Refund suits, however, must also comply with the requirements of other provisions of the Internal Revenue Code. *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4–5 (2008). There is one such requirement material to Amen Ra's case: a taxpayer cannot bring suit for a refund prior to filing a claim for a refund with the IRS. 26 U.S.C. § 7422(a). Accordingly, Amen Ra's allegations in Count III are properly construed as a suit for a tax refund over which the Court has jurisdiction under § 1346 and which must comport with § 7422.[5]

---

[5] In his response, Amen Ra acknowledges that he earned income, but he "objects to being called a TAXPAYER" and states he should not be subject to the Internal Revenue Code. Pl.'s Resp. Def.'s Mot. Dismiss 2–3. Numerous courts have found this type of argument meritless. *See Russell v. United States*, 339 F. App'x 637, 638 (7th Cir. 2009) (collecting cases). Amen Ra makes no plausible argument why this Court should reach a different conclusion.

The United States moves to dismiss Count III on two grounds. First, the United States asserts that Amen Ra has never submitted a claim for a tax refund as required by § 7422. Additionally, the United States argues that Amen Ra fails to state a claim that tax has been erroneously or illegally assessed or collected. As in its prior order, the Court declines to consider the United States's first argument. *Amen Ra ex rel. Lewis v. I.R.S.*, 2015 WL 5011454, at \*4. Exhaustion of administrative remedies under the Internal Revenue Code is a non-jurisdictional affirmative defense that is generally inappropriate to consider on a motion to dismiss. *Gray v. United States*, 723 F.3d 795, 798–99 & n.1 (7th Cir. 2013). The Court agrees, however, that Amen Ra's refund suit fails to state a claim under Rule 12(b)(6).

Amen Ra offers three arguments to support his contention that the IRS erroneously or illegally assessed or collected tax that should be refunded to him. First, he argues that the notices of levy issued by the IRS "do not state any lawful authority" and were presented without a necessary court order in support. Am. Compl. ¶ 49. Notices of levy are issued pursuant to 26 U.S.C. § 6331, under which the IRS must give notice before placing a levy upon a deficient taxpayer's property. Contrary to Amen Ra's contention, however, "a Notice of Levy is all that is required for the IRS to gain possession" of Amen Ra's property under § 6331. *Pawlowske v.*

*Chrysler Corp.*, 623 F. Supp. 569, 570–71 (N.D. Ill. 1985).[6] A court order is not required. *Id.*

Second, Amen Ra asserts that the provisions in the Internal Revenue Code under which the IRS issued the notices of levy do not have necessary implementing regulations. Am. Compl. ¶¶ 52, 58. The Court already rejected this argument, however, when Amen Ra raised it in his separate suit against BNSF. *Lewis v. BNSF*, 2015 WL 4910794, at *6 (observing that implementing regulations are generally not required for provisions of the Internal Revenue Code). Amen Ra then suggests that the IRS relied upon implementing regulations applicable only to alcohol, tobacco, and firearms. Am. Compl. ¶ 50. But the code provisions Amen Ra cites, 26 U.S.C. §§ 6321–23, permit tax liens "for *any* type of tax liability," rather than limiting tax collection to a specific type of liability. *Brost v. United States*, No. 8:99-CV-930-T-23MSS, 2001 WL 933474, at *2 (M.D. Fla. July 5, 2001) (emphasis added).

Finally, Amen Ra claims that the Internal Revenue Code does not permit the IRS to instruct private sector companies to withhold employees' income taxes. Am. Compl. ¶¶ 55–57. Again, the Court already rejected this argument in Amen Ra's separate suit, explaining that the provisions in 26 U.S.C. §§ 3402–03 permit exactly that. *Lewis v. BNSF Ry. Co.*, No. 14 C 7173, 2015 WL 4910545, at *4 (N.D. Ill. Feb.

---

[6] Amen Ra cites two cases—*United States v. O'Dell*, 160 F.2d 304 (6th Cir. 1947), and *Givan v. Cripe*, 187 F.2d 225 (7th Cir. 1951)—for the proposition that a notice of levy alone is insufficient to constitute a levy. Am. Compl. at 8. These cases, however, discuss requirements no longer contained in the Internal Revenue Code. *United States v. Pittman*, 449 F.2d 623, 627 n.3 (7th Cir. 1971).

10

3, 2015), *report and recommendation adopted*, No. 14-CV-7173, 2015 WL 4910794 (N.D. Ill. Aug. 17, 2015). Furthermore, as expressly stated in the Code's implementing regulations, "[t]he IRS may notify the employer in writing that the employee is not entitled to claim a complete exemption from withholding or more than the maximum number of withholding exemptions specified by the IRS in the written notice." 26 C.F.R. § 31.3402(f)(2)-1.

For these reasons, Count III of Amen Ra's amended complaint fails to state a claim under Rule 12(b)(6) and is dismissed.

**III.   Counts IV and VIII: Constructive Fraud, Notices of Levy**

Counts IV and VII allege "constructive fraud," asserting that the two different notice of levy forms sent by the IRS are fraudulent. Given Amen Ra's pro se status, the Court will construe these counts liberally and interpret these claims as arising under 26 U.S.C. § 7433(a), which states that "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States." The

11

United States moves to dismiss these counts on the ground that they fail to state a claim under Rule 12(b)(6).[7]

While Amen Ra titles Counts IV and VII "constructive fraud," he did not draft his pleadings in conformity with a typical definition of that term. "Constructive fraud 'is a breach of a legal or equitable duty that the law declares fraudulent because of its tendency to deceive others, irrespective of the moral guilt of the wrongdoer.'" *Houben v. Telular Corp.*, 231 F.3d 1066, 1074 (7th Cir. 2000) (quoting *Beaton & Assocs., Ltd. v. Joslyn Mfg. & Supply Co.*, 512 N.E.2d 1286, 1291 (Ill. App. Ct. 1987)). Amen Ra does not assert that the IRS owes him a legal or equitable duty, nor does he explain how the actions he complains of have a tendency to deceive others in a way the Court should deem fraudulent.

Rather, in Counts IV and VII, Amen Ra advances four primary arguments, all of which are faulty.[8] First, Amen Ra argues that the notice of levy forms utilized

---

[7] Regarding Count IV, the United States further argues that Amen Ra failed to bring his claim within the applicable statute of limitations. 26 U.S.C. § 7433(d)(3) (stating that an action under § 7433(a) "may be brought only within 2 years after the date the right of action accrues"). The United States provides no authority, however, explaining why the Court should treat its statute of limitations defense differently than that based on exhaustion of administrative remedies, which is generally inappropriate to resolve on a motion to dismiss. *Gray*, 723 F.3d at 798–99 & n.1. In other words, the United States does not address why the Court should not consider the statute of limitations in § 7433(d)(3) an affirmative defense, rather than a jurisdictional bar, as other courts have. *E.g.*, *Keohane v. United States*, 669 F.3d 325, 330 (D.C. Cir. 2012). Accordingly, the Court declines to address the United States's statute of limitations defense at this time.

[8] Amen Ra's other arguments—first, that a notice of levy is insufficient to constitute a levy and requires a supporting court order, and second, that notices of levy cannot issue without implementing regulations—are rejected for the reasons previously expressed in dismissing Count III. Additionally, the Court rejects Amen Ra's assertions that perceived typographic errors in IRS forms are fraud. *See* Am. Compl. ¶ 60 (observing that the IRS listed "1040 A" as a "kind of tax"); *id.* ¶ 62 (noting that the IRS listed Amen Ra's address as "1500 Pennsylvania Avenue NW, Washington D.C.").

by the United States are "counterfeited securities" because they are claimed to be authentic, when in fact they were not properly authenticated by oath or certification. Am. Compl. ¶¶ 61, 64, 73. But 26 U.S.C. § 6331(a), the provision under which the notices were issued, contains no such authentication requirement. *See Buser v. United States*, 85 Fed. Cl. 248, 263 (2009).

Second, Amen Ra contends that the notice of levy forms are fraudulent because they do not contain an Office of Management and Budget (OMB) control number and violate the Paperwork Reduction Act of 1980 (PRA). Am. Compl. ¶¶ 64, 73. As numerous courts have held, however, notice of levy forms do not require an OMB control number and do not violate the PRA. *Buser*, 85 Fed. Cl. at 262–63 (collecting cases).

The crux of Amen Ra's charge of constructive fraud lies in his third and fourth arguments. Amen Ra's third argument stems from two letters received in response to Freedom of Information Act (FOIA) requests, which Amen Ra describes as denying the existence of any valid levies or liens pertaining to Amen Ra for the years 2007–2013 and 2012–2015. *See* Am. Compl., Ex. D (letter for years 2007–2013); *id.*, Ex. I (letter for years 2012–2015).[9] As a preliminary matter, Amen Ra's description of the letter that serves as the basis for Count IV appears to be incorrect. The letter did in fact identify a lien document, *id.*, Ex. D ("I am enclosing a copy of a lien document."), and while one portion of the letter does state there

---

[9] "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

13

were no "record[s] of levy, Form *668-B*," Amen Ra's complaint alleges that notice of levy forms *668-W(c)* were fraudulent. *Id.* (emphases added). Thus, the letter underlying Count IV cannot support Amen Ra's claim of constructive fraud.

On the other hand, the letter that forms the basis of Count VII states, "Records of any liens and levies on file for tax years 2012 through 2015. I researched our records and found no documents specifically responsive to your request." *Id.*, Ex. I. Based on his pleadings, Amen Ra is correct to point out that this response appears to be inaccurate or incomplete. But Amen Ra does not explain why this FOIA response, even if inaccurate or incomplete, constitutes constructive fraud by the IRS. What is more, Amen Ra admits in various other instances in his amended complaint that levies and liens were imposed against him.[10] *E.g.*, *id.* ¶¶ 8, 16, 19, 31.

Amen Ra's fourth argument arises from a comparison between, on the one hand, copies of IRS Forms 4340 that the United States attached to its motion to dismiss and, on the other hand, forms Amen Ra obtained by a FOIA request.[11] IRS Form 4340 is a "Certificate of Assessments and Payments" that summarizes taxes

---

[10] Insofar as Amen Ra attempts in his response to raise the new claim that the IRS did not comply with the proper procedures for giving notice of taxes assessed against him, Pl.'s Resp. Def.'s Mot. Dismiss 4, he cannot do so in response to a motion to dismiss. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

[11] In ruling on a motion to dismiss, the Court typically cannot look beyond the four corners of the complaint. *Antelis v. Freeman*, 799 F. Supp. 2d 854, 868 (N.D. Ill. 2011). The Court can, however, consider documents attached to a response insofar as they are consistent with the allegations in the complaint. *Id.* (citing *Harrell v. United* States, 13 F.3d 232, 236 (7th Cir. 1993)). Because Amen Ra's complaint alleges "constructive fraud," and the documents are intended as an illustration of this allegation, the Court will consider them at this stage.

14

assessed by the IRS and corresponding payments received. *See United States v. Wesselman*, 406 F. App'x 64, 66 (7th Cir. 2010). In comparing the forms, Amen Ra points out various discrepancies that he believes prove the IRS is perpetrating a fraud against him. Supp. Pl.'s Resp. Defs.' Mot. Dismiss 1–3 (observing that the IRS's version of the forms lowered his account balance and added more "explanation of transaction" dates, among other discrepancies).

These discrepancies, however, appear to result largely from the fact that Amen Ra's forms are outdated. *E.g.*, *id.*, Ex. D1 (reproducing a 2007 form with a status date of April 25, 2014); *id.*, Def.'s Ex. 4 (reproducing a 2007 form with a status date of December 21, 2015). For example, the updated version of the 2007 form indicates the IRS has credited his account due to overpayment, lowering his outstanding tax liability. *Id.*, Def.'s Ex. 4. Similarly, because more transactions occurred between 2014 and 2015, the form reflects additional transaction dates. *Id.* Other discrepancies invoked by Amen Ra—the addition of the name and "superimpos[ed]" signature of an IRS officer, and the deletion of an IRS office location, *id.*, Ex. D1—appear immaterial, and Amen Ra fails to explain their relevance to his theory of constructive fraud. Thus, Amen Ra's demonstration of the differences between the 4340 forms fails to support a plausible claim for fraud or the appearance of fraud.

Accordingly, the Court grants the United States's motion to dismiss as to Counts IV and VII and dismisses Counts IV and VII without prejudice.

## IV.  Counts VI and VIII: Constructive Fraud, Notices of Levy

Counts VI and VIII also allege "constructive fraud," but they instead focus on two allegedly fraudulent notices of lien—one sent to the Recorder of Deeds in Washington, D.C., and the other to the Cook "County Recorder of Deeds in Chicago, Illinois. These notices were issued pursuant to 26 U.S.C. § 6323, under which the IRS can file a notice of a lien on a deficient taxpayer's property in order to perfect the interest as against other creditors. As with Amen Ra's other counts of constructive fraud, the Court will interpret these claims as arising under 26 U.S.C. § 7433(a). The United States moves to dismiss Counts VI and VIII on the ground that they fail to state a claim under Rule 12(b)(6).

In support of Counts VI and VIII, Amen Ra merely repeats many of the arguments the Court has rejected above. Amen Ra's arguments that the notices were issued without implementing regulations, *id.* ¶¶ 68, 76, under implementing regulations applicable only to alcohol, tobacco, and firearms, *id.* ¶ 78, without OMB control numbers, *id.* ¶¶ 70, 76, and without court orders, *id.* ¶¶ 69, 79, are unavailing for the reasons explained above. Additionally, the Court disagrees with Amen Ra's arguments based on the two FOIA response letters he received, *id.* ¶¶ 70, 77, for the reasons outlined previously.[12] Finally, contrary to Amen Ra's

---

[12] Amen Ra also points to a FOIA response received from the Cook County Recorder of Deeds, arguing that it demonstrates that the preparation location stated on the challenged notices was incorrect and thus proves "Mail Fraud." *Id.* ¶ 76. As with Amen Ra's other FOIA-based contentions, he fails to indicate to the Court why an incorrect preparation location is material and indicative of fraud.

16

contention, *see id.* ¶¶ 69–70, the notices of lien need not be signed, sealed, or physically delivered. Federal tax liens arise by operation of law and are perfected as against a taxpayer even without the filing of a notice. *See Pansier v. United States*, 225 B.R. 657, 660 (E.D. Wis. 1998).

Accordingly, the Court grants the United States's motion to dismiss as to Counts VI and VIII.

## Conclusion

For the reasons stated herein, the Court grants the United States's motion to dismiss [36]. The Court dismisses Counts I and II of Amen Ra's complaint with prejudice and Counts III, IV, VI, VII, and VIII without prejudice. To the extent that Amen Ra wishes to file an amended complaint, an amended complaint must be filed by January 20, 2017. Status hearing set for January 25, 2017 at 9:00 a.m.

**IT IS SO ORDERED.**    ENTERED   12/12/16

_____
**John Z. Lee**
**United States District Judge**