IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIMEON WASHA AMEN RA ex rel.<br>SIMEON LEWIS, | )<br>)<br>) | |
| Plaintiff, | )<br>) | 14-cv-8295 |
| v. | )<br>) | Judge John Z. Lee |
| INTERNAL REVENUE SERVICE,<br>UNITED STATES, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Simeon Washa Amen Ra, ex rel. Simeon Lewis ("Amen Ra"), brings this *pro se* suit against the "Internal Revenue Service, United States" ("United States"), alleging that the United States[1] has unlawfully garnished his wages and imposed liens on his property to collect federal income tax. Before the Court is the government's motion to dismiss [86] Amen Ra's third amended complaint [84]. For the following reasons, the Court grants the motion.

## Background

Amen Ra filed his initial complaint on October 22, 2014. The complaint raised various claims, including violations of the Fair Debt Collection Practices Act, 15

---

[1] The IRS is not properly named as a defendant. Congress has not designated the IRS as a separate body authorized to be sued as such. *See Castleberry v. Alcohol, Tobacco & Firearms Div. of Treasury Dep't of U.S.*, 530 F.2d 672, 673 n.3 (5th Cir. 1976). The United States is the proper defendant. *Gengler v. I.R.S.*, No. 10-CV-689, 2010 WL 5463314, at *1 (E.D. Wis. Dec. 29, 2010). The Court will therefore treat the United States as the named defendant for the purposes of this Memorandum Opinion and Order.

U.S.C. § 1692 *et seq.*; the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*; the Fourth and Fifth Amendments to the U.S. Constitution; the Uniform Lien Registration Act, 770 Ill. Comp. Stat. § 110; the Internal Revenue Code, 26 U.S.C. § 7422; and three federal criminal statutes, 18 U.S.C. §§ 241, 242, and 1346. Compl. ¶¶ 30–89, ECF No. 1. On July 27, 2015, the Court granted the government's motion to dismiss all counts except those based on the Fourth and Fifth Amendments and 26 U.S.C. § 7422. *See Amen Ra ex rel. Lewis v. I.R.S.*, No. 1:14-cv-08295, 2015 WL 5011454, at *5 (N.D. Ill. July 27, 2015).

Amen Ra then filed his first amended complaint on April 22, 2016, raising the same claims under the Fourth and Fifth Amendments and 26 U.S.C. § 7422, and adding four allegations of "constructive fraud." 1st Am. Compl. ¶¶ 36–46, 59–79, ECF No. 35. The Court granted the government's motion to dismiss on December 12, 2016, dismissing the constitutional claims with prejudice because it found that the United States had not waived its sovereign immunity and that the Court therefore lacked subject matter jurisdiction over those claims, *Amen Ra ex rel. Lewis v. I.R.S.*, No. 1:14-cv-08295, 2016 WL 7188162, at *5 (N.D. Ill. Dec. 12, 2016), and dismissing the remaining counts without prejudice for failure to state a claim, *id.* at *5, 7, 8.

Amen Ra filed a second amended complaint on February 24, 2017, which was nearly identical to his first amended complaint, except that it no longer included the constitutional claims. 2d Am. Compl., ECF No. 64. The Court dismissed the complaint and granted Amen Ra a final opportunity to amend his complaint. *See* Order of 10/23/2017, ECF No. 78.

2

Amen Ra has now filed a third amended complaint. The complaint includes three claims that have previously been dismissed by this Court—a civil action for refund under 26 U.S.C. § 7422 (Count I), and claims for violations of the Fourth and Fifth Amendments (Counts V.1 and V.2)—as well as four new claims, under 26 U.S.C. § 7426 (Count II.1), 26 U.S.C. § 7423 (Count II.2), 26 U.S.C. § 7214 (Count III) and 26 U.S.C. § 6330 (Count IV). 3d Am. Compl., ECF No. 84. The United States has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2]

## **Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). "When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). But "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (quoting *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir. 1979)). "[I]f the complaint is formally sufficient but the contention

---

[2] The United States also lists Rule 12(b)(2) as a basis for its motion, Def.'s Mem. at 3, ECF No. 86-1, but does not appear to assert that the Court lacks personal jurisdiction over it.

3

is that there is in fact no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 848 (7th Cir. 2012). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *Id.*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Finally, the Court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429

4

U.S. 97, 106 (1976)). With these standards in mind, the Court turns to the allegations in Amen Ra's third amended complaint.

## Analysis

I.  **Violation of 26 U.S.C. § 7422**

In Count I, Amen Ra alleges that the United States violated 26 U.S.C. § 7422 by failing to conduct a valid assessment before garnishing his pay. 3d Am. Compl. ¶ 13.

26 U.S.C. § 7422(a) provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

Because sovereign immunity shields the United States government and its agencies from suit unless the government consents to suit by waiving immunity, *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), the United States argues that Amen Ra's claim under § 7422 is barred by sovereign immunity because he has not satisfied the provision's requirement that he file a claim for refund before bringing suit. Def.'s Mem. at 4–7, ECF No. 86-1.

Amen Ra concedes that he did not file a claim for a refund or credit. *See* 3d Am. Compl. ¶ 13 ("Plaintiff has repeatedly stated that he could not file for a

refund . . . ."). But he argues that because he has "met alleged administrative requirements by way of years of informal claims and correspondence with IRS employees/[o]fficers to try and rectify this matter," he should be excused from § 7422(a)'s exhaustion requirement. Pl.'s Resp. ¶ 7, ECF No. 91.

Amen Ra is referring to the "informal claim doctrine," which "allows a taxpayer's claim for a refund to survive so long as the taxpayer files some 'notice fairly advising the Commissioner of the nature of the taxpayer's claim' within the limitations period and later makes sure that all 'formal defects and lack of specificity have been remedied' by a fully compliant refund claim." *Goldberg v. United States*, 881 F.3d 529, 532–33 (7th Cir. 2018) (citing *United States v. Kales*, 314 U.S. 186, 194 (1941)), *cert. denied*, 138 S. Ct. 1564 (2018). But while the informal claim doctrine allows a taxpayer's claim for a refund to survive past the statutory time limit if the taxpayer has fairly advised the IRS of the nature of his or her claim, the taxpayer must still file a refund claim before bringing suit under § 7422(a). *Id.* at 533. This requirement "ensures that the pragmatic judicial doctrine of informal notice does not disrupt unduly the regulatory regime created by Congress and the IRS for resolving tax disputes." *Id.*

It is clear from the face of the third amended complaint that Amen Ra has not exhausted the administrative requirements of § 7422(a) by filing a claim for a refund or credit. Therefore, regardless of whether the Court views the exhaustion requirement as jurisdictional or not, by conceding that he did not file a refund before filing suit against the United States for recovery of the taxes and fees he contends

6

were erroneously collected, Amen Ra has pleaded himself out of a claim under § 7422. *See Syler v. Will Cty., Ill.*, 564 F. App'x 848, 849 (7th Cir. 2014) ("A suit may be dismissed if a valid affirmative defense is sufficiently obvious 'from the face of the complaint.'") (citing *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)). His suit under § 7422 is therefore barred by sovereign immunity.

Because Count I is barred by sovereign immunity, the Court grants the United States's motion to dismiss Count I for lack of jurisdiction.

## II. Violation of 26 U.S.C. § 7426

In Count II.1,[3] Amen Ra seeks, under 26 U.S.C. § 7426, recovery of "erroneously or illegally assessed or collected" property, as well as "excessive or wrongfully collected" sums and penalties. 3d Am. Compl. ¶ 17.

In 26 U.S.C. § 7426(a)(1), "Congress has provided for a waiver of sovereign immunity in cases where a claimant seeks the return of property seized to satisfy the tax liability of another." *LaBonte v. United States*, 233 F.3d 1049, 1051 (7th Cir. 2000). In so doing, Congress only waived its immunity to claimants who are "other than the person against whom is assessed the tax out of which such levy arose." 26 U.S.C. § 7426(a)(1).

The United States argues that because Amen Ra's claim stems from the collection of his taxes through a levy on his wages, he fails to state a claim under

---

[3] Amen Ra numbers two counts "Count II" and two counts "Count V." *See* 3d Am. Compl. at 10, 11, 14, 15. For the purposes of clarity, the Court refers to the count addressing 26 U.S.C. § 7426 as "Count II.1," the count addressing 26 U.S.C. § 7433 as "Count II.2," the Fourth Amendment claim as Count "V.1," and the Fifth Amendment claim as Count "V.2."

7

§ 7426(a)(1), which specifically bars those "against whom is assessed the tax out of which such levy arose" from bringing suit under the provision. Def.'s Mem. at 7.

The Court agrees. It is clear from Amen Ra's complaint that his claims arise from the garnishment of his wages to satisfy his tax liability. *See* 3d Am. Compl. ¶ 1; *id.* Ex. A1, Notice of Levy on Wages, Salary, and Other Income, ECF No. 84 (informing Amen Ra's employer, BNSF Railway Company, that the company was required to turn over Amen Ra's wages and salary pursuant to a tax lien). Count II is therefore barred by sovereign immunity. The Court grants the United States's motion to dismiss Count II for lack of jurisdiction.

### III. Violation of 26 U.S.C. § 7433

In Count II.2, Amen Ra seeks civil damages under 26 U.S.C. § 7433, which provides for such damages "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title." 3d Am. Compl. ¶ 18. Amen Ra alleges that the United States violated § 7433 by: (1) "offer[ing] and grant[ing] Plaintiff an opportunity for a [Collection Due Process Hearing ("CDP Hearing")] before the levy [and] then refusing to hold said hearing," *id.*; (2) changing his address so that he would not receive notices in a timely manner, *id.* ¶ 21; and (3) moving to dismiss his case instead of reporting the wrongdoings he alleged to the Secretary, in violation of 26 U.S.C. §§ 7214(a)(3), (8), *id.*

The United States contends that Count II.2 must be dismissed because he failed to file an administrative claim with the IRS prior to filing his suit, as required by § 7433(d)(1). Def.'s Mem. at 7–8.

Under § 7433's administrative exhaustion requirement, "the government may insist that [the plaintiff] exhaust administrative remedies as specified in its regulations, 'using all steps that the agency holds out, and doing so *properly*.'" *Gray v. United States*, 723 F.3d 795, 798 (7th Cir. 2013) (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Those administrative remedies are set forth in 26 C.F.R. § 301.7433-1, which both lays out procedures for pursuing an administrative claim, *see* § 301.7433–1(e), and specifies that such a claim must be filed prior to filing a lawsuit for damages, *see* § 301.7433–1(a). *Gray*, 723 F.3d at 799.

Here, again, it is clear from the face of the complaint that Amen Ra did not file the required administrative claim before filing suit, barring recovery under § 7433. And to the extent that Amen Ra filed a request for a CDP hearing, which he contends fulfilled the administrative requirement, *see* Pl.'s Resp. ¶ 5, the factual allegations in his complaint demonstrate that the wrongs on which he bases his claim—refusing to hold a CDP hearing, *see* 3d Am. Compl. ¶ 21, changing the address to which his notices were sent, *see id.*, and moving to dismiss his suit, *see id.* ¶¶ 19–20—all took place *after* he filed any administrative request. *See id.* ¶ 21 (stating that Amen Ra "made numerous administrative request[s] and attempts to have a meeting with the

IRS prior to the garnishment of his pay," but "instead of meeting with Plaintiff to address the issue," the IRS changed his address).

Because it is clear from his complaint that he did not fulfill the requirement that he exhaust the IRS's administrative remedies before filing suit under § 7433, his claims under § 7433 are barred by sovereign immunity. Accordingly, the United States's motion to dismiss Count II.2 is granted.

## IV. Violation of 26 U.S.C. § 7214

In Count III, Amen Ra brings a claim under 26 U.S.C. § 7214(a), which provides that "[a]ny officer or employee of the United States acting in connection with any revenue law of the United States" who commits one of a list of specified wrongful acts shall be discharged from employment and, upon conviction, fined up to $10,000 or imprisoned up to five years.

But, as the United States points out, § 7214 is a criminal statute and does not include a private right of action. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (finding no implied private right of action under § 7214(a)); *Vidurek v. Miller*, No. 13 CV 4476 VB, 2014 WL 901462, at *6 (S.D.N.Y. Feb. 27, 2014) (same); *see also Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are . . . poor candidates for the imputation of private rights of action.").

Because § 7214 does not provide a private right of action, the United States has not waived its sovereign immunity in respect to this claim. The Court therefore grants the motion to dismiss Count III for lack of jurisdiction.

## V.     Violation of 26 U.S.C. § 6330

In Count IV, Amen Ra alleges that the United States violated 26 U.S.C. § 6330,[4] which grants the taxpayer the right to notice and a CDP hearing before the IRS levies the taxpayer's property. 26 U.S.C. §§ 6330 (a), (b). Amen Ra does not claim that he was denied notice of the levy but, instead, that the IRS "offered and granted [him] an opportunity for a [CDP Hearing] before the levy [and] then refus[ed] to hold said hearing." 3d Am. Compl. ¶ 18.

Section 6330(b)(1) provides that if a taxpayer is notified of his or her right to a due process hearing under § 6330(a), and then requests a hearing in writing, stating his or her grounds for requesting the hearing, the IRS Office of Appeals will hold a hearing. There is an exception, however. Section 6330(g) specifies that if the IRS "determines that any portion of a request for a hearing" qualifies as frivolous under § 6702(b)(2)(A), "then the Secretary may treat such portion as if it were never submitted and such portion shall not be subject to any further administrative or

---

[4]     Amen Ra titles Count IV "Internal Revenue Service Restructuring and Reform Act of 1998, AN ACT OF CONGRESS." The Internal Revenue Service Restructuring and Reform Act (RRA) enacted a significant number of provisions under Title 26. *See* Pub. L. 105–206, 112 Stat. 685 (1998). The Court construes Count IV as only bringing a claim under 26 U.S.C. § 6330, although Amen Ra also references two provisions that he describes as "strengthen[ing] the mandate for compliance with § 6330," 26 U.S.C. § 7804 note (1998) ("Termination of Employment for Misconduct") and 26 U.S.C. § 7801 note (1998) ("Single Contact"), which set forth rules for disciplining IRS employees (§ 7804 note) and communicating with taxpayers (§ 7801 note). *See* 3d Am. Compl. ¶¶ 24, 25.

11

judicial review." Congress defines as frivolous any submission to the IRS that either "reflects a desire to delay or impede the administration of Federal tax laws," § 6702(a)(2)(A)(ii), or is based on a position which the Secretary has identified as frivolous in a published list, *see* § 6702(a)(2)(A)(i); § 6702(c).

It appears that the IRS considered Amen Ra's request for a CDP hearing frivolous and accordingly denied him a hearing. *See* 3d Am. Compl., Ex. F, 6/9/15 IRS Letter, ECF No. 84 (indicating receipt of his request for a CDP hearing); *id.,* Ex. G, 10/21/15 IRS Letter, ECF No. 84 (stating that he had failed to comply with an earlier request to provide a legitimate reason and withdraw the frivolous reason, and informing him that it was therefore "disregarding" his request for a CDP hearing). In any event, the Court cannot examine whether that denial complied with § 6330, because the Tax Court has exclusive jurisdiction to review such a claim. *See* § 6330(d) (stating that, after any "determination" under § 6330, a taxpayer may petition the Tax Court for review of such determination "and the Tax Court shall have jurisdiction with respect to such matter"); *Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004) (holding that, where a taxpayer asserts a right to a CDP hearing under § 6330 in a case involving income, gift, or estate taxes, the case "must be filed in the Tax Court, and the district court lacks jurisdiction"); *Bowers v. Megyesi*, No. 07-1028, 2007 WL 2908939, at *5 (C.D. Ill. Oct. 2, 2007) ("[T]he Tax Court has exclusive jurisdiction over Plaintiff's due process challenge to the collections hearing."). This Court therefore lacks jurisdiction over Count IV, and the Court grants the motion to dismiss Count IV.

## VI. Constitutional Claims

Counts V.1 and V.2 of the third amended complaint allege that the IRS conducted an unreasonable seizure in violation of the Fourth Amendment and deprived Amen Ra of property without due process of law in violation of the Fifth Amendment. The Court dismissed these claims with prejudice from Amen Ra's amended complaint, finding that there was no waiver of sovereign immunity for claims against federal agencies arising directly under the Constitution. *See Amen Ra*, 2016 WL 7188162, at *5. Because the Court has already dismissed these claims with prejudice, the motion to dismiss Counts V.1 and V.2 is granted.

## Conclusion

For the reasons stated herein, the Court grants the United States's motion to dismiss [86] in full. As the Court informed Plaintiff in its order of October 23, 2017, this was his last chance to file an amended complaint. Accordingly, the Court dismisses Amen Ra's third amended complaint with prejudice. Civil case terminated.

**IT IS SO ORDERED.**  ENTERED   9/17/18

*[signature: John Z. Lee]*

_____

**John Z. Lee**
**United States District Judge**